B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (For Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| LINDA LOU VANBECELAERE<br>141 CARNAVON PKWY<br>Nashville, TN 37205 | CAPWEALTH ADVISERS, LLC, PMW PARTNERS, TIMOTHY J PAGLIARA, MARK WILLOUGHBY, AND TIMOTHY MURPHY |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven L. Lefkovitz 5953<br>LEFKOVITZ & LEFKOVITZ<br>618 CHURCH ST., #410<br>NASHVILLE, TN 37219-2321<br>615-256-8300 Fax: 615-255-4516 | **ATTORNEYS** (If Known)<br>Eugene N. Bulso, Jr.<br>Leader, Bulso, Nolan & Burnstein<br>414 Union Street, Suite 1740<br>Nashville, TN 37219<br>(615) 780-4110 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Complaint for Discriminatory Treatment for Filing Bankruptcy

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [1 ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 500,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>KARL LEE VANBECELAERE<br>LINDA LOU VANBECELAERE | | BANKRUPTCY CASE NO.<br>3:09-bk-04691 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Nashville | NAME OF JUDGE<br>Paine |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Steven L. Lefkovitz<br>Steven L. Lefkovitz 5953 | |
|---|---|
| DATE<br>September 23, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven L. Lefkovitz 5953 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KARL LEE VANBECELAERE | ) | No. 309-04691 |
| LINDA LOU VANBECELAERE | ) | Chapter 11 |
| 141 CARNAVON PARKWAY | ) | Judge Paine |
| NASHVILLE, TN 37205 | ) | |
| SSN: xxx-xx-0065(H) xxx-xx-8091 (W) | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| LINDA LOU VANBECELAERE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | Adv. Pro. No. |
| | ) | |
| CAPWEALTH ADVISERS, LLC, PMW PARTNERS, TIMOTHY J PAGLIARA, MARK WILLOUGHBY, AND TIMOTHY MURPHY | ) | |
| | ) | |
| Defendants | ) | |

COMPLAINT FOR DISCRIMINATORY TREATMENT FOR FILING BANKRUPTCY

Comes the Plaintiff, LINDA LOU VANBECELAERE, through counsel, and for complaint in this cause, would show the following unto the Court:

1. The Plaintiff is the Debtor in the above-captioned bankruptcy, having filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 25, 2009. All references to the Debtor in this complaint also reference the Plaintiff.

2. The Defendant, CAPWEALTH ADVISERS, LLC, is a Tennessee limited liability company. The Defendant PMW Partners is a general partnership operating under the laws of the state of Tennessee and upon information and belief consists of the following members – Timothy J.

Pagliara, Mark Willoughby, and Timothy Murphy. All of the Defendants can be served at 810 Crescent Center Drive, Suite 501, Franklin, Tennessee 37067.

3. Jurisdiction for this Court to hear this cause of action properly lies with Court pursuant 28 U.S.C. 1334, and venue for this Court to hear this cause of action is appropriate pursuant to 28 U.S.C. 1408. This action is a core proceedings as defined by 28 U.S.C. 157(b). This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

## FACTUAL BACKGROUND

4. On or about June 4, 2009 the Plaintiff was terminated from her Position with PMW Partners and/or Capwealth Advisers, LLC. Defendant Timothy J. Pagliara testified that the Plaintiff was employed by PMW Partners but received her paycheck from Capwealth Advisers, LLC. Upon information and belief, Timothy J. Pagliara, Mark Willoughby, and Timothy Murphy are the general partners of PMW Partners and as such are liable for the acts of the partnership.

5. Attached hereto is a copy of the sworn affidavit of James T. Ragsdale a/k/a Tom Ragsdale who states that the Plaintiff was terminated solely as a result of seeking bankruptcy relief. At the Rule 2004 examination taken in this case, Defendant Pagliara testified that the Plaintiff's job was eliminated. However, when Mr. Ragsdale had the conversation with Defendant Pagliara over the termination of the Plaintiff, it was in advance of the employment dismissal. Further, the Plaintiff had maintained an acceptable work record during her employment with the Defendant.

6. Section 525(b) of the Bankruptcy Code prohibits discriminatory treatment, as follows:

**(b)** No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt--

**(1)** is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;

**(2)** has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

**(3)** has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

WHEREFORE, based on the following discriminatory treatment, the Plaintiff seeks $250,000 in compensatory damages and $250,000.00 in punitive damges.

Respectfully submitted,

/s/ Steven L. Lefkovitz. No. 5953
Steven L. Lefkovitz
Attorney for Plaintiffs
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 fax (615) 255-4516
Email: slefkovitz@lefkovitz.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KARL LEE VAN BECELAERE | ) | |
| LINDA LOU VAN BECELAERE | ) | No. 309-04691 |
| 141 CARNAVON PKWY | ) | Chapter 11 |
| Nashville, TN 37205 | ) | Judge Paine |
| SSN: xxx-xx-0065(H) xxx-xx-8091(W) | ) | |
| | ) | |
| Debtor | ) | |

**AFFIDAVIT OF ~~TOM RAGSDALE~~**

Comes Tom Ragsdale, after first being duly sworn according to law, and makes oath and says:

1. I am a citizen and resident of Nashville, Davidson County, Tenenssee.

2. I am personally acquainted with Thomas J. Pagliara and have read the Rule 2004 examination taken of him on August 20, 2009, a copy of which is attached hereto.

3. Prior to the termination of Linda Lou Van Becelaere from PMW Partners and/or Capital Wealth Advisors, I had a conversion with Mr. Pagliara in which he advised me that that Linda Lou Van Becelaere [illegible] as a result of her filing a Chapter 11 proceedings.

Affiant further saieth not.

/s/ Tom Ragsdale
Tom Ragsdale

VERIFICATION

I hereby certify under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Tom Ragsdale
Tom Ragsdale

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KARL LEE VAN BECELAERE and )
LINDA LOU VAN BECELAERE, ) NO. 309-04691
141 Carnavon Parkway ) Chapter 11
Nashville, TN 37205 ) Judge Paine
SSN/ITIN: xxx-xx-0065(H) )
xxx-xx-8091 (W) )
______________________________)

RULE 2004 EXAMINATION OF

TIMOTHY J. PAGLIARA

Taken on Behalf of the Debtors

August 20, 2009

---

APPEARANCES:

For the Debtors:

STEVEN L. LEFKOVITZ
Lefkovitz & Lefkovitz
618 Church Street
Suite 410
Nashville, Tennessee 37219
(615) 256-8300
slefkovitz@lefkovitz.com

For the Witness:

EUGENE N. BULSO, JR.
Leader, Bulso, Nolan & Burnstein
414 Union Street
Suite 1740
Nashville, Tennessee 37219
(615) 780-4110
gbulso@LeaderBulso.com

Also Present: Linda Lou Van Becelaere

I N D E X

INDEX OF EXAMINATIONS

| | Page/Line | |
|---|---|---|
| By Mr. Lefkovitz .................... | 4 | 2 |

INDEX OF EXHIBITS

NO EXHIBITS

The deposition of TIMOTHY J. PAGLIARA, taken on behalf of the Debtors, on the 20th day of August, 2009, in the offices of Leader, Bulso, Nolan & Burnstein, 414 Union Street, Suite 1740, Nashville, Tennessee, for all purposes under the Bankruptcy Rules of Civil Procedure.

The formalities as to notice, caption, certificate, et cetera, are waived. All objections, except as to the form of the questions, are reserved to the hearing.

It is agreed that Jerri L. Porter, being a Notary Public and Court Reporter for the State of Tennessee, may swear the witness, and that the reading and signing of the completed deposition by the witness is waived.

* * *

TIMOTHY J. PAGLIARA,

was called as a witness, and after having been first duly sworn, testified as follows:

E X A M I N A T I O N

BY MR. LEFKOVITZ:

Q Mr. Pagliara, I understand you're an attorney licensed to practice law, and you've been through these many times. This is an Examination Rule 2004, Federal Rules of Bankruptcy Procedure.

A Yes.

Q I'm going to make this maybe one of the easier depositions that I've ever had. Will you please relate the facts and circumstances relating to the termination of Ms. Van Becelaere from the company that you're the managing partner of?

A I'm not -- I don't understand the question.

Q Why was she fired?

A We eliminated the position.

Q Why was the position eliminated?

A Cost saving measures.

Q Cost saving measures. When was the decision made to terminate Ms. Van Becelaere?

A I don't recall. Shortly before she was terminated.

Q Were you aware that she was in a bankruptcy proceeding?

A Yes.

Q Did her bankruptcy proceedings directly or

indirectly factor in to your decision to terminate her?

A No.

Q Did you make a statement to a third party or any third parties that her bankruptcy was involved in your reasonings for termination?

A I don't recall.

Q Are you acquainted with an individual named Tom Ragsdale?

A Yes.

Q How do you know Mr. Ragsdale?

A We climbed Kilimanjaro together. We climbed to base camp at Mount Everest. We're good friends.

Q Did you have a conversation with Mr. Ragsdale regarding the dismissal or termination of Ms. Van Becelaere?

A I probably talked to him sometime after she was terminated, yes.

Q Do you recall telling Mr. Ragsdale that she was terminated solely as a result of her filing bankruptcy?

A Absolutely not.

Q If he made such a statement, he would be in error; is that correct?

A Yes, correct.

Q How was Ms. Van Becelaere's work performance while she worked for your company?
A Be more specific.
Q Was she a good employee?
A She hadn't been with us long enough to really tell. She had been with us not quite seven months.
Q All right. In the seven months, did she work normal hours? What were her duties?
A She was a sales assistant, I guess. Not a sales assistant. Customer service representative. She did various things for the firm: Helped with the blotter, daily cash reconciliation when we take in deposits, things like that.
Q Did she report to you?
A They all report to me, yes.
Q Were you her direct supervisor?
A For purposes of employment, yes. She worked with another partner in the firm, Mark Willoughby. But I assumed the role of managing partner and am directly responsible for hiring and firing anybody in the firm.
Q There are multiple companies, limited liability companies in your offices, aren't there? Is there more than one?

A There are two shell companies right now that we are applying for regulatory approval. We anticipate moving our operation to those companies at the end of the year.

Q What companies are those?

A Cap Wealth Advisors and Cap Wealth Investment Services. Cap Wealth Advisors is an SEC registered broker/dealer. Cap Wealth Advisors Investment Services is a FINRA -- pending FINRA registration as an introducing broker/dealer.

Q Which company was Ms. Van Becelaere employed by?

A She was employed by PMW Partners, which is the entity we assigned income through -- from PMW Partners, through, I believe, Cap Wealth Advisors, where she received her paycheck. But that's not an active entity in terms of income at this point.

Q What is the name of the holding company for all of the companies?

A There's not one.

Q Okay. As an attorney with experience in these matters, on any SEC regulatory filings, would you have had to disclose Ms. Van Becelaere's bankruptcy?

A Well, when you say as an attorney with

regulatory experience --

Q Well, you've had experience, so I'm going to ask you --

A I'm not an attorney with regulatory experience. I'm an attorney.

Q Based on your experience, would you have had to make disclosure of Ms. Van Becelaere's bankruptcy on any regulatory filings?

A I'm not sure.

Q Did you make such a disclosure?

A No.

Q Did you inquire of your attorney or any parties whether or not you would have had to make disclosure of her bankruptcy in any regulatory filings?

MR. BULSO: Hold on a minute. I believe that "we," as it is framed, is invasive of the attorney/client privilege. So if you could perhaps rephrase it.

MR. LEFKOVITZ: I'll withdraw it. I'll rephrase that.

BY MR. LEFKOVITZ:

Q Did you inquire of any legal opinion, without telling me what the lawyers told you, the effect of Ms. Van Becelaere's bankruptcy on any

regulatory actions?

A No.

Q Were you in any way concerned by her bankruptcy in any regulatory actions?

A I was concerned she was getting ready to apply to take the Series 7 exam, and that's a disclosable event on your application to be licensed with FINRA.

Q That's correct.

A But that's a personal matter. That's not a matter that falls to the firm itself.

Q Had you given any job performance evaluations of Ms. Van Becelaere while she was in your employ?

A Not officially. We had to discuss -- I had to intervene with one of the office managers about her being late a number of times, and it was kind of a disagreement between the two of them about when she would get there and when she wouldn't. This lady is real concerned about punctuality, and Linda had a habit of being late.

Q How often was she late?

A Frequently.

Q Did you ever write her up or --

A We don't have that kind of formality in the

office, so I don't have that -- you know, that type of thing. I mean, it's a small office. They're either doing the job or they're not. So if you come in late, you're going to be noticed for coming in late.

Q Was Ms. Van Becelaere doing the job?

A That's kind of a broad question.

Q Was her work performance satisfactory?

A I didn't really evaluate it on that basis, so I haven't really thought about that from that standpoint. We eliminated the position in a cost saving measure, so I didn't really evaluate whether her work performance was adequate or not.

Q Were there any other positions eliminated as part of the cost-saving measures?

A No.

Q Was there any other position with junior seniority that was retained from Ms. Van Becelaere?

A No. Ms. Van Becelaere was the last person we hired.

Q Who was the ultimate decision-maker for the hiring or firing of Ms. Van Becelaere?

A I was.

MR. LEFKOVITZ: I don't have anything further.

MR. BULSO: We have no questions.

FURTHER DEPONENT SAITH NOT.

REPORTER'S CERTIFICATE

I, Jerri L. Porter, RPR, CCR, Notary Public and Court Reporter, do hereby certify that I recorded to the best of my skill and ability by machine shorthand all the proceedings in the foregoing transcript, and that said transcript is a true, accurate, and complete transcript to the best of my ability.

I further certify that I am not an attorney or counsel of any of the parties, nor a relative or employee of any attorney or counsel connected with the action, nor financially interested in the action.

SIGNED this 31st day of August, 2009.

______________________________

Jerri L. Porter, RPR, CCR

My commission expires: 4/12/2010